[Cite as *State v. Burton*, 2011-Ohio-2516.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95150**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLARENCE BURTON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-529936

**BEFORE:** Celebrezze, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

ATTORNEYS FOR APPELLANT

Robert Tobik
Cuyahoga County Public Defender
BY: Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
BY: Brian R. Radigan
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Clarence Burton, appeals from the denial of his presentence motion to withdraw his guilty plea to one count of drug trafficking with schoolyard specification and one count of having a weapon while under disability. After a thorough review of the record and law, we reverse and remand.

{¶ 2} Appellant was indicted along with co-defendant, Mitchell Greer, on October 15, 2009. Appellant faced charges of drug trafficking with firearm and schoolyard specifications, drug possession, having a weapon while under disability, tampering with evidence, and possession of criminal tools; all with forfeiture specifications. On April 21, 2010, as part of a plea agreement, appellant agreed to plead guilty to an amended indictment of drug trafficking with forfeiture and schoolyard specifications and having a weapon while under disability, both third-degree felonies. As part of the plea, the state did not make a sentencing recommendation, but left it up to the discretion of the trial court.

{¶ 3} At the request of appellant's counsel, the trial court ordered a presentence investigation report and withheld sentence until May 12, 2010. On that date, appellant orally moved to withdraw his plea at the sentencing hearing before sentence was imposed. Appellant claimed that he was under the impression he would receive probation, but realized that was not going to occur after he was remanded while awaiting sentence. He also claimed he had pled guilty to charges of which he was not guilty. The trial court held a brief hearing on this motion where the state had an opportunity to respond. Following this, appellant's counsel addressed an issue that appellant had raised in a letter to the attorney. Counsel stated:

**{¶ 4}** "I would like to put on the record, your Honor, that apparently Mr. Burton — at one point Mr. Burton was — and when I was originally assigned the case I was reviewing Mr. Burton's record. And it was indicated on his record that at some point he appeared in Garfield Heights Municipal Court on the charge of driving under suspension. And I brought it to his attention that I may or may not have been — I don't remember, and I'm not sure if he does either — I may or may not have been the sentencing magistrate or acting judge that sentenced him on that case. I made him aware of that.

**{¶ 5}** "I asked him if he had a problem with me representing him. This was at the natural pretrial stage. He indicated that at that point he had to [sic] problem with me representing him. I don't know if his opinion has changed on that, but in his letter he mentions that. And I just wanted to put on the record that I discussed that matter with him thoroughly, and he indicated that he had no problem with me representing him at the beginning of the case."

**{¶ 6}** The trial court denied appellant's oral motion and proceeded with sentencing. Appellant received a two-year term of incarceration for each count, to be served concurrently; was ordered to forfeit various cell phones, a gun, and money; and was informed of postrelease control. Appellant then timely filed the instant appeal, raising four assignments of error.

## Law and Analysis

## Conflict of Interest

{¶ 7} Appellant first argues that "[t]he trial court, in violation of appellant's Sixth Amendment right to counsel under the United States Constitution and Ohio law, failed to inquire into the nature and extent of a conflict of interest between appellant and his counsel."

{¶ 8} The Sixth Amendment to the United States Constitution guarantees that representation shall be free from conflicts of interest. *State v. Dillon*, 74 Ohio St.3d 166, 1995-Ohio-169, 657 N.E.2d 273. In *State v. Gillard*, 64 Ohio St.3d 304, 1992-Ohio-48, 595 N.E.2d 878, the Ohio Supreme Court recognized "where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest." "Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or 'adverse effect' will be presumed." Id. at 311-312. See, also, *Holloway v. Arkansas* (1978), 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426; *Cuyler v. Sullivan* (1980), 446 U.S.

335, 100 S.Ct. 1708, 64 L.Ed.2d 333; and *Wood v. Georgia* (1981), 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220.

{¶ 9}  A possibility of a conflict exists if the "interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties." *Sullivan* at 348.  A trial court must determine whether an actual conflict of interest exists when the court learns of or should have learned of a potential conflict between defendants and their counsel.  See *State v. Kelly*, Cuyahoga App. Nos. 91875 and 91876, 2010-Ohio-432.

{¶ 10} In a Mandamus case dealing with a court's failure to inquire into a possible conflict of interest, the Supreme Court determined that "'an actual conflict of interest' meant precisely a conflict that affected counsel's performance — as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor* (2002), 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291.

{¶ 11} Here, appellant apparently raised the issue in a letter written to trial counsel prior to sentencing.  This letter does not appear in the record before us, but appellant's counsel brought it to the court's attention. Appellant's attorney had possibly been a magistrate or sentencing judge in appellant's municipal court traffic case several years prior.  Appellant complains that the court did not inquire into the nature or extent of the conflict.  While appellant's attorney indicated that appellant waived any conflict, after a possible conflict is brought to the court's attention, such a

waiver must be made on the record in open court. See *State v. Johnson* (1980), 70 Ohio App.2d 152, 160, 435 N.E.2d 429.

{¶ 12} The court did not explain any implications or obtain a waiver of any potential conflict on the record. The court did nothing other than move on with sentencing, stating, "I will note for the record that there is no evidence before this court that counsel has done anything but represent you highly competently and zealously as counsel and appeared on your behalf at all pretrials; and discovery was ongoing and completed pursuant to the discovery rules."

{¶ 13} While there is little to suggest a conflict existed that would prevent counsel from adequately representing appellant's interests, the trial court did not inquire further, discuss any potential ramifications, or obtain a waiver on the record. At oral arguments, appellant advanced the theory that because his attorney was a former judge, he could reasonably rely on a representation by the attorney that he would receive probation in this case. Had the trial court simply asked appellant any questions regarding this perceived conflict, this court could point to it and the plea colloquy, where appellant indicated no promise regarding sentencing was made, and found that the trial court satisfied its duty to inquire as set forth in *Johnson* and overrule the error. The trial court's failure to do so was error. "Once that duty arises, however, the failure of a trial court to further inquire into a

possible conflict does not lead to a reversal of a defendant's conviction. Rather, it results in a remand to the trial court for that court to conduct a hearing to determine whether there was an actual conflict of interest." *State v. Terry*, Summit App. No. 23205, 2007-Ohio-1259, ¶12, citing *Wood* at 272-274. Because that was not done, reluctantly, this case must be remanded.

{¶ 14} On remand the trial court should make such an inquiry to determine whether an actual conflict exists. The trial court should then determine anew if this presents sufficient grounds for appellant to withdraw his plea based on the potential conflict since appellant's motion to withdraw his plea was still pending when appellant's counsel informed the trial court of the alleged conflict. This holding renders appellant's remaining assigned errors moot, and they will not be addressed.[1]

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] These assigned errors state: "The trial court, in violation of appellant's rights under the United States and Ohio Constitutions, abused its discretion when it refused to allow appellant to withdraw his guilty plea prior to sentencing without holding a meaningful hearing[ ]"; "[t]he trial court violated appellant's Constitutional right to conflict-free representation under *United States v. Cronic* and Ohio law[ ]"; and "[i]neffective assistance of counsel due to failure to request waiver of or object to court costs for an indigent defendant."

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR